UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARY IZZO,<br><br>    Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC.,<br><br>    Defendant. | Case No. 2:15-cv-01142-JAD-NJK<br><br>ORDER DENYING MOTION TO COMPEL<br><br>(Docket No. 24) |

  Pending before the Court is Plaintiff's Motion to Compel Discovery Responses. Docket No. 24. The Court finds the motion to have a threshold defect that requires that it be **DENIED** without prejudice as discussed more fully below.

  The Court's initial inquiry regarding a motion to compel is whether the movant made adequate meet and confer efforts. Federal Rule of Civil Procedure 37(a)(2)(B) requires that a "party bringing a motion to compel discovery must include with the motion a certification that the movant has in good faith conferred or attempted to confer with the nonresponsive party." Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action."

  Judges in this District have previously held that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc.*

*v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and *specifically* convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170 (emphasis added). The Court may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *See, e.g.*, *F.D.I.C. v. 26 Flamingo, LLC*, 2013 WL 2558219, *1 (D. Nev. June 10, 2013) (quoting *De Leon v. CIT Small Business Lending Corp.*, 2013 WL 1907786 (D. Nev. May 7, 2013)).

Counsel provides no certification at all regarding meet and confer efforts. *See* Docket No. 24. Plaintiff instead provides the Court with letters between the parties, the latest of which indicates that the parties agreed to have further discussions. Docket No. 24-6 at 9-12. Plaintiff also provides, in a footnote, the vague statement that a further meet and confer occurred on December 9, 2015, and that Defendant's position remained unchanged. Docket No. 24 at 3, n.2. Plaintiff has, therefore, failed to meet her requirement to "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.

Additionally, Plaintiff failed to include Exhibit 7 in her filing, and instead included a placeholder with a notation that the exhibit would be submitted *in camera* with the Court due to the parties' protective order. Docket No. 24-7. This procedure is incorrect. The Court has already outlined for the parties the procedure for filing documents that a party believes are confidential. *See* Docket No. 13. If Plaintiff refiles her motion to compel, to the extent that she believes an exhibit is confidential, she must follow the applicable caselaw and the procedures outlined by the Court in its order. Unless the

Court specifically orders a party to submit an exhibit *in camera*, the Court will not accept an *in camera* submission.

      Accordingly, for the reasons stated above, the motion to compel is hereby **DENIED** without prejudice.

      IT IS SO ORDERED.

      DATED: December 10, 2015.

                                            _____
                                            NANCY J. KOPPE
                                            United States Magistrate Judge