# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MARY IZZO, | |
| Plaintiff, | Case No. 2:15-cv-001142-JAD-NJK |
| vs. | ORDER GRANTING MOTION TO FILE DOCUMENT UNDER SEAL |
| WAL-MART STORES, INC., et al., | |
| Defendants. | (Docket No. 31) |

Pending before the Court is Defendant Walmart's motion to file document under seal. Docket No. 31. Defendant seeks to file Exhibit J to its Reply to Plaintiff's Response to its Motion for Protective Order under seal. *See* Docket No. 30. For the reasons discussed below, the Court hereby **GRANTS** Defendant's motion for leave to file under seal.

**I.      STANDARD**

The document at issue in the motion to seal relates to a non-dispositive motion. The Ninth Circuit has held that there is a presumption of public access to judicial files and records and that parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must make a particularized showing of "good cause" to overcome the presumption of public access. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also Vaccine Ctr. LLC v.*

*GlaxoSmithKline LLC*, 2013 U.S. Dist. Lexis 68298, *9-10 (D. Nev. May 14, 2013) (discussing redaction requirement).

## II.     ANALYSIS

The document at issue in the pending motion to seal is a "listing of prior reports of incidents in and around the vestibule area where Plaintiff's incident occurred over the three years prior to the subject incident." Docket No. 30-1 at 3. Defendant submits that it prepared the document in good faith to respond to Plaintiff's discovery requests in the instant case. Docket No. 31 at 2. Defendant further submits that the information is proprietary and contains merely allegations rather than proof and, therefore, should not be accessible to the public. *Id*.

Therefore, the Court finds that good cause exists to seal Exhibit J that overcomes the presumption of public access, and that the exhibit cannot be easily redacted while leaving meaningful information available to the public. Accordingly, Defendant's Motion to File Document Under Seal (Docket No. 31) is hereby **GRANTED**. The filing at Docket No. 31 shall remain under seal.

IT IS SO ORDERED.

DATED: December 17, 2015.

 _____
 NANCY J. KOPPE
 United States Magistrate Judge