UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARY IZZO,<br><br>           Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC., et al.,<br><br>           Defendants. | Case No. 2:15-cv-001142-JAD-NJK<br><br>ORDER DENYING MOTION TO FILE DOCUMENTS UNDER SEAL<br><br>(Docket No. 38) |

       Pending before the Court is Plaintiff's motion to file documents under seal. Docket No. 38. Plaintiff seeks to file certain documents under seal solely because the were designated confidential by Defendant, pursuant to the protective order governing discovery in the instant case. *Id*. at 1.

       On July 29, 2015, the Court issued an order outlining the procedures for filing documents under seal. Docket No. 13. The order specifically informs the parties that a designation of confidentiality is not sufficient reason to seal a document. *Id*. The order states that, "there has been no showing, and the Court has not found, that any specific documents or items are secret or confidential." *Id*. at 2. Additionally, the Court's order specifically outlines procedures for filing a motion to seal when the sole ground for sealing a document is that the opposing party has designated the document confidential pursuant to the stipulated protective order:

> If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as subject to protection pursuant to the stipulated protective order, the movant must notify the opposing party (or non-party) at least seven days prior to filing the designated document. The designating party must then make a good faith determination if the relevant standard for sealing is met. To the extent the designating

party does not believe the relevant standard for sealing can be met, it shall indicate that the document may be filed publicly no later than four days after receiving notice of the intended filing. To the extent the designating party believes the relevant standard for sealing can be met, it shall provide a declaration supporting that assertion no later than four days after receiving notice of the intended filing. The filing party shall then attach that declaration to its motion to seal the designated material. If the designating party fails to provide such a declaration in support of the motion to seal, the filing party shall file a motion to seal so indicating and the Court may order the document filed in the public record.

*Id*. at 2-3.

Plaintiff's motion fails to comply with the Court's order. This is not the first filing of Plaintiff's that has failed to comply with a Court order, and this is not the first time that the Court has directed Plaintiff to the language of the Court's order at Docket No. 13. *See* Docket Nos. 25, 37. As recently as yesterday, the Court ordered Plaintiff's counsel "to comply with the Court's orders and the Local Rules regarding the filing of documents counsel believes to be confidential." Docket No. 37 at 2. Nonetheless, that very same day Plaintiff filed her motion to seal, which fails to comply with the Court's order on sealing.

For the reasons stated above, the Court **DENIES** Plaintiff's motion to seal. Docket No. 38. The documents in the exhibit to Docket No. 38 **shall remain under seal for the time being**. Plaintiff shall follow the procedure outlined in the Court's order at Docket No. 13 and, no later than December 22, 2015, shall file a proper motion to seal. The failure of Plaintiff's counsel to comply with the Court's orders and all applicable rules will result in an order to show cause as to why Plaintiff's counsel should not be sanctioned for violating numerous Court orders.

IT IS SO ORDERED.

DATED: December 18, 2015.

_____
NANCY J. KOPPE
United States Magistrate Judge