1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                        **DISTRICT OF NEVADA**
10
11   MARY IZZO,                        )
                                       )      Case No. 2:15-cv-01142-JAD-NJK
12              Plaintiff(s),          )
                                       )      ORDER
13   vs.                               )
                                       )
14   WAL-MART STORES, INC.,            )
                                       )      (Docket Nos. 26, 27)
15              Defendant(s).          )
     ─────────────────────────────────)

16          Pending before the Court are Plaintiff's motion to compel and motion for sanctions.  Docket

17   Nos. 26, 27.  Defendant filed a response, and Plaintiff submitted a reply.  Docket Nos. 42, 45.  The

18   Court finds that these motions are appropriately resolved without oral argument.  *See* Local Rule 78-2.

19   For the reasons that follow, Plaintiff's motion to compel is **DENIED**.  Consequently, Plaintiff's motion

20   for sanctions is **DENIED**.

21                              **BACKGROUND**

22          This discovery dispute arises out of a personal injury case involving an accident that allegedly

23   occurred on May 18, 2013, in one of Defendant's stores.  Docket No. 26 at 2.

24          On October 15, 2015, Defendant disclosed the initial report of its testifying expert, Dr. Steven

25   Woolson.  *See* Docket No. 26-6.  Dr. Woolson opined that Plaintiff's "medical records indicate that she

26   had had, according to [her treating physician], findings that could be compatible with meniscal

27   pathology" that predated her accident in Defendant's store.  *Id*. at 7.  Dr. Woolson's report makes clear

28   that in arriving at his opinion he "reviewed medical records for [Plaintiff] extending from 2010 through

2015." *Id.* at 6. The report proceeds to catalogue Plaintiff's medical treatment, detailing the dates and contents of Plaintiff's medical records. *Id*. at 6-7. For instance, Dr. Woolson notes that Plaintiff's medical records from February 24, 2010, indicate that she complained of right knee pain as she was examined by Dr. Gary Morris, and her medical records from November 9, 2010, indicate that Dr. Morris "read her MRI" to indicate that "there were signal changes in the posterior horn of the medial meniscus that corresponded to her knee pain." *Id*. at 6.

On October 21, 2015, Plaintiff's counsel served its Second Request for Production of Documents on Defendant. Docket No. 42-2. These requests sought Dr. Woolson's file regarding Plaintiff's slip-and-fall accident, all documents he considered, reviewed, and/or relied upon in forming his opinion, and communications and documents exchanged between Defendant's counsel and Dr. Woolson. *Id.* Defendant objected to Plaintiff's requests. *See* Docket No. 42-1. Plaintiff has now filed the instant motion to compel Defendant to produce these items. Docket No. 26.

## STANDARDS

Rule 26(a)[1] sets out the requirements for parties' mandatory disclosures, including initial disclosures, expert disclosures, and other pretrial disclosures. *Republic of Ecuador v. Mackay*, 742 F.3d 860, 865 (9th Cir. 2014). Pursuant to Rule 26(a)(2)(B), a party must disclose any expert who has been retained or specially employed to provide expert testimony, and that expert must prepare a written report. Fed.R.Civ. 26(a)(2)(B); *see also JS Products, Inc. v. Kabo Tool Co.*, 2014 WL 2919184 (D. Nev. June 26, 2014). This report must contain: (1) "a complete statement of all opinions the witness will express and the basis and reasons for them;" and (2) "the facts or data considered by the witness[.]" *Id*.[2] These "requirements should be interpreted broadly to encompass any material considered by the expert, from whatever source, that contains factual ingredients" of the testifying expert's opinion. *Republic of Ecuador*, 742 F.3d at 868 (citations omitted).

However, communications between a party's attorney and a testifying expert are protected as qualified attorney work product. Fed.R.Civ.P. 26(b)(4)(C). This exception to broad disclosure is itself

---

[1] Unless otherwise specified, references to "Rules" refer to the Federal Rules of Civil Procedure.

[2] Rule 26(a)(2)(B)'s additional requirements are not relevant to this dispute.

subject to three exceptions.  First, such communications are not protected to the extent they "relate to compensation for the expert's study or testimony" because they may suggest bias. Fed.R.Civ.P. 26(b)(4)(C)(i); *see also Cary Oil Co., Inc. v. MG Refining & Marketing, Inc*., 257 F.Supp.2d 751, 756 (S.D.N.Y. 2003).  Second, there is no work product protection for attorney-expert communications if they "identify the facts or data the party's attorney provided and that the expert relied on in forming the opinions to be expressed[.]"  Fed.R.Civ.P. 26(b)(4)(C)(ii).  Third, such communications are not protected to the extent they "identify assumptions made by the attorney and that the expert relied on in forming the opinions expressed."  Fed.R.Civ.P. 26(b)(4)(C)(iii).

Rule 26(a)(2)(B) governs only disclosure in expert reports and does not preclude parties from obtaining further information through ordinary discovery tools. *United States v. Bazaarvoice, Inc.*, 2013 WL 3784240, at *2 (N.D. Cal. July 18, 2013).  Thus, where a party seeks addition information regarding the expert's opinion, she may seek to obtain that information through the discovery process.  *See JS Products, Inc. v. Kabo Tool Co.*, 2014 WL 2919184, at *2 (D. Nev. June 26, 2014).  If that discovery is resisted, the requesting party may file a motion to compel.  *Id.*; *see also* Fed.R.Civ.P. 37(a)(1).  The motion must include a threshold showing that the requested information falls within the scope of discovery under Rule 26.  *Sanhueza v. Lincoln Technical Instiute, Inc.*, 2014 WL 6485797, at *2 (D. Nev. Nov. 18, 2014) (citing *Hofer v. Mack Trucks, Inc*., 981 F.2d 377, 380 (8th Cir. 1992)).  The party opposing discovery then has the burden of showing that the discovery request is improper.  *Fosbre v. Las Vegas Sands Corp*., 2016 WL 54202, at *4 (D. Nev. Jan. 5, 2016) (citing *Graham v. Casey's General Stores*, 206 F.R.D. 251, 253–4 (S.D. Ind. 2000)).  To meet this burden, the objecting party must specifically detail the reasons why each request is objectionable.  *Id.* (citations omitted).

## ANALYSIS

The Court addresses the adequacy of Defendant's expert report and then turns to the related discovery requests.

### I.   Dr. Woolson's Expert Report

The parties' dispute over the adequacy of Defendant's expert disclosure prefigures much of this discovery dispute.  Plaintiff contends she is entitled to the disputed discovery in large part because

1  Defendant's expert disclosure was deficient.  Docket No. 26 at 9-10.  This perceived inadequacy stems

2  from Dr. Woolson's alleged failure "to cite any specific information or documents upon which his

3  opinions were based."  *Id.* at 9.  Plaintiff complains that Dr. Woolson only "makes several references

4  to the dates" she received medical care.  *Id.* at 10.  Plaintiff argues that, in only making such references,

5  Dr. Woolson "failed to comply with the expert disclosure rules."  Docket No. 45 at 5.

6       Defendant counters that the "expert report itself identifies Plaintiff's medical records as the

7  documents viewed in preparation thereof" and highlights that the report identifies the facts relating to

8  Plaintiff's "medical condition, history, and treatment" that form the basis of Dr. Woolson's opinions.

9  Docket No. 42 at 8.

10       The Court finds that the expert report satisfies the requirements of Rule 26(a)(2)(B).  Expert

11  reports must state "'how' and 'why'" the expert reached his opinions.  *Great American Ins. Co. of New*

12  *York v. Vegas Const. Co. Inc.*, 2007 WL 2375056, *2 (D. Nev. Aug. 15, 2007).  The test of a report

13  under Rule 26(a)(2)(B) is "whether [it] is sufficiently complete, detailed and in compliance with the

14  Rules so that surprise is eliminated, unnecessary depositions . . . avoided, and costs are reduced." *Elgas*

15  *v. Colorado Belle Corp.*, 179 F.R.D. 296, 299 (D. Nev. 1993).  "A report is deficient if it fails to include

16  any of the underlying conclusions upon which the expert's ultimate opinions are based."  *In re Central*

17  *Indus. Development Co.*, 427 B.R. 149, 156 (N.D. Cal. 2009) (citing *Atkins v. County of Orange*, 372

18  F.Supp. 2d 377, 395 (S.D.N.Y. 2009).  Bald conclusions, brief statements of ultimate conclusions with

19  no explanation of the basis and reasons therefore, or reports omitting a statement of how the facts

20  support the conclusions do not satisfy Rule 26(a)(2)(B).  *Id.*

21       Here, Plaintiff's argument is essentially a complaint that Defendant's expert failed to cite the

22  Bates stamp numbers of each document to which he refers in his expert report.  Docket No. 45 at 4.

23  However, Plaintiff's cites no authority that requires Bates stamp cites, and her request runs contrary to

24  the functional test adopted in *Elgas*.[3]  *McFadden v. Bd. of Educ. for Illinois Sch. Dist.*, 2009 WL

25

26  ───────────────

27      [3] The shortcomings of Plaintiff's view are further highlighted by the fact that Dr. Woolson relied
on a document production produced by Plaintiff during the course of discovery that Plaintiff failed to

28  Bates stamp.  Docket No. 42-1 at 3; *see also* Docket No. 42-7 at 2.

1   4544670, at *4 (N.D. Ill. Dec. 1, 2009) (rejecting argument that expert report must identify documents

2   by Bates number to comply with Rule 26(a)(2)(B)).  Instead, the Court looks toward whether the report

3   is sufficiently complete, detailed, and in compliance with the Rules so that surprise is eliminated,

4   unnecessary depositions avoided, and costs are reduced.  *See Elgas*, 179 F.R.D. at 299.  Where an expert

5   refers to each document's creation date, subject matter, and author, as Dr. Woolson did here, that test

6   is satisfied.  Dr. Woolson straightforwardly provided the identifying information of the documents that

7   he reviewed and explained how and why he reached his opinion that Plaintiff had a pre-existing injury

8   – namely, that Plaintiff's medical records from February 24, 2010, indicate that she complained of right

9   knee pain as she was examined by Dr. Morris, and her medical records from November 9, 2010, indicate

10  that Dr. Morris "read her MRI" to indicate that "there were signal changes in the posterior horn of the

11  medial meniscus that corresponded to her knee pain."  Docket No. 26-6 at 6.

12        Accordingly, because Defendant's expert report satisfies Rule 26(a)(2)(B), Plaintiff's request

13  for an order precluding Dr. Woolson from testifying or an order re-opening discovery in order to permit

14  her to depose Dr. Woolson is **DENIED**.

15  **II.    Dr. Woolson's Files**

16        Request for Production Nos. 24 and 25 ask for the files in Dr. Woolson's possession that relate

17  to Plaintiff or her accident and all documents upon which Dr. Woolson relied in forming his opinions.

18  Docket No. 42-2 at 6-7.  Defendant responded that responsive documents included only Dr. Woolson's

19  expert report and Plaintiff's medical records.  Docket No. 26 at 7-8.  Defendant further explained that

20  Dr. Woolson relied only on Plaintiff's medical records in forming his opinion and that these documents

21  were already in Plaintiff's possession.  *Id*.

22        Plaintiff argues that Defendant's responses are improper because Dr. Woolson's report failed

23  to disclose the factual basis for his opinions.  Docket No. 26 at 9.  The Court is unpersuaded because,

24  as discussed more fully above, Defendant's expert report clearly discloses its factual basis to the extent

25  required by Rule 26(a)(2)(B).  Further, where a party is already in possession of the information being

26  requested, her motion to compel must be denied.  *Enter. Tech. Holdings, Inc. v. Noveon Sys., Inc.*, 2008

27  WL 2265264, at *1 (S.D. Cal. June 3, 2008) (denying motion to compel because party was "already in

28

1   possession of the information being compelled for almost a month before the motion was submitted").

2   "If [a] defendant objects that the documents are available to [a] plaintiff, [then the] plaintiff must make

3   an argument as to why they are not available to him." *Garcia v. Almieda*, 2006 WL 3001171, at *2

4   (E.D. Cal. Oct. 20, 2006).  Plaintiff does not dispute that she is in possession of Defendant's expert

5   report as well as her own medical records.  Accordingly, Plaintiff's motion to compel on this issue is

6   **DENIED**.

7   **III.    Communications Between Defendant's Counsel and Dr. Woolson**

8          Requests for Production Nos. 26, 27, and 28 relate to communications or documents exchanged

9   between Defendant's counsel – Phillips, Spallas & Angstadt LLC – and Dr. Woolson, and their

10   respective employees.  Docket No. 42-2 at 7.  Defendant objected to these requests on basis that they

11   sought work product protected under Rule 26(b)(4)(C). Docket No. 26 at 8-9.

12          As expert-attorney communications, the requested documents are qualified work product, unless

13   they (i) relate to compensation for Dr. Woolson's study or testimony; (ii) identify facts or data that

14   Defendant's counsel provided and that Dr. Woolson considered in forming the opinions to be expressed;

15   or (iii) identify the assumptions that Defendant's counsel provided and that Dr. Woolson relied upon

16   in forming the opinions to be expressed. *See* Rule 26(b)(4)(C). "The party asserting the work product

17   rule has the burden of establishing, for each document, the rule's application." *Joseph v. Las Vegas*

18   *Metro. Police Dep't,* 2011 WL 846061, at *1 (D. Nev. Mar. 8, 2011) (citing *Green v. Baca*, 226 F.R.D.

19   624, 652 (C.D. Cal. 2005)).

20          Plaintiff contends that Defendant failed to carry this burden.  Docket No. 26 at 7.  Her position

21   is that Defendant's description of the documents is inadequate to determine whether any of the

22   communications relate to factual information provided by Defendant's counsel to Dr. Woolson.  Docket

23   No. 26 at 7.  Defendant responds that Dr. Woolson derived the factual information on which he based

24   his opinion solely from the medical records provided by Plaintiff – not attorney-expert communications.

25   Docket No. 42 at 7.

26          The Court finds that Defendant has carried the burden of showing that its attorney-expert

27   communications do not fall into Rule 26(b)(4)(C)'s facts or data exception.  Dr. Woolson makes clear

28

that his analysis is based solely on his review of Plaintiff's medical records, and there is no indication that he relied upon factual information provided by Defendant's counsel. Indeed, the report is essentially a recitation of Plaintiff's medical records and summarization of Plaintiff's medical history. *See* Docket No. 26-6. Plaintiff clings to Dr. Woolson's statement that: "Apparently, [Plaintiff] fell on water in a Wal-Mart store and later complained of pain in her right knee." Docket No. 26 at 10; *see also* Docket No. 26-6 at 6 (containing the statement). Plaintiff argues that this sentence suggests Dr. Woolson's understanding of the accident is based on a communication with Defendant's counsel. *Id.* However, Plaintiff's medical records make plain that she contends her injuries were caused by a "[f]all on water at walmart [sic]." Docket No. 42-7 at 2. Accordingly, Plaintiff's motion to compel additional responses to these requests is **DENIED**.

**IV.    Sanctions**

"Rule 37(a)(5)(B) provides that '[i]f the motion [to compel] is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.'" *Izzo v. Wal-Mart Stores, Inc.*, 2016 WL 409694, at \*7 (D. Nev. Feb. 2, 2016). "However, sanctions may not issue 'if the motion was substantially justified or other circumstances make an award of expenses unjust.'" *Id.* Discovery conduct "is 'substantially justified' under Rule 37 if reasonable people could differ on the matter in dispute." *United States EEOC v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 435 (D. Nev. 2006). "The burden is on the losing party to affirmatively demonstrate that its discovery conduct was substantially justified." *Collins v. Landry's Inc.*, 2014 WL 2770702, at \*4 (D. Nev. June 17, 2014).

Here, Defendant requests an award of reasonable attorneys' fees and costs pursuant to Rule 37(a)(5)(B). Docket No. 42 at 11-12. Plaintiff counters that her conduct is substantially justified and, remarkably, attempts to shift the blame for her conduct onto Defendant by contending that, had it provided the requested discovery, "a motion to compel would never have been necessary." Docket No. 45 at 7.

//

1    The Court, in its broad discretion, finds that Plaintiff's motion merits the imposition of sanctions,

2    for it was unsupported in law and fact.   The motion depends on Plaintiff's characterization of

3    Defendant's conduct, which is encompassed in her statement that "Defendant has . . . refused to turn

4    over any of its expert's files, records, or the documents that he reviewed and relied upon to support his

5    position regarding Plaintiff's injuries." Docket No. 26 at 1.  However, for the reasons discussed above,

6    the exhibits to Plaintiff's own motion make clear that these documents were already in her counsel's

7    possession.  *See, e.g.*, Docket No. 26-6.  Further, Plaintiff's response to Defendant's request for

8    sanctions lists the same reasons for her motion.  Docket No. 45 at 7.  The Court finds that reasonable

9    people could not differ on this matter, and that Plaintiff's motion was therefore not substantially

10   justified. No circumstances are present that would make an award of expenses unjust.   Accordingly,

11   pursuant to Rule 37(a)(5)(B), the Court sanctions Plaintiff's Counsel in the amount of Defendant's

12   reasonable attorneys' fees and costs incurred in opposing the motion.

13                                        **CONCLUSION**

14        For the reasons more fully discussed above, Plaintiff's motion to compel, Docket No. 26, is

15   **DENIED** in its entirety.   Further, Plaintiff's motion for sanctions, Docket No. 27, is **DENIED**.

16   Defendants request for attorneys' fees and costs is **GRANTED**. The Court encourages the parties to

17   meet and confer and reach an agreement on the appropriate amount for this sanction.  If the parties do

18   not reach an agreement, Defendant's counsel shall file, no later than February 18, 2016, an affidavit of

19   reasonable expenses and attorneys' fees incurred in opposing this motion.   Defendant must show its

20   request is reasonable. *See Marrocco v. Hill*, 291 F.R.D. 586 (D. Nev. 2013).  Failure to file the affidavit

21   within that time will result in no award.  Plaintiff shall file a response no later than February 23, 2016.

22   Any reply shall be filed no later than February 25, 2016.

23        DATED: February 11, 2016

24

25        _____

26        NANCY J. KOPPE
          United States Magistrate Judge

27

28

8