**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARY IZZO,                                          )
                                                   )          Case No. 2:15-cv-01142-JAD-NJK
                    Plaintiff(s),                  )
                                                   )          ORDER
vs.                                                )
                                                   )
WAL-MART STORES, INC.,                             )
                                                   )
                    Defendant(s).                  )
_____)

Before the Court is Defendant's request for reasonable attorneys' fees incurred in opposing Plaintiff's motion to compel.  Docket No. 61; *see also* Docket No. 59 (order resolving Plaintiff's motion).  Plaintiff filed a response in opposition, and Defendant filed a reply.  Docket Nos. 62, 64.  The Court finds this matter is properly resolved without oral argument. *See* Local Rule 78-2.

**I.      BACKGROUND**

On December 11, 2015, Plaintiff filed a motion to compel, which argued that "Defendant has . . . refused to turn over any of its expert's files, records, or the documents [that] he reviewed and relied upon to support his position[.]"  Docket No. 26 at 1.  Exhibits attached to Plaintiff's motion, however, made clear that these documents were already in her counsel's position.  Docket No. 59 at 8.  On February 11, 2016, the Court found that Plaintiff's motion was unsupported in law and fact and sanctioned Plaintiff's counsel in the amount of Defendant's reasonable attorneys' fees and costs incurred in opposing Plaintiff's motion. *Id.* at 8.

//

The Court ordered Defendant to file an affidavit setting forth its reasonable attorneys' fees and costs in opposing Plaintiff's motion. *Id.* The Court further allowed Plaintiff to respond to Defendant's request, and Defendant to reply. *Id.* Both parties have now complied.

## II.   PROPRIETY OF SANCTIONS

As a threshold matter, Plaintiff's counsel contends that no sanctions should be awarded at all. First, counsel argues that Defendant failed to substantiate its requested fees. Docket No. 62 at 5-6. "Requests for attorneys' fees must be supported by affidavits or other evidence." *Classberry v. Albertsons, LLC*, 2016 U.S. Dist. LEXIS 2278 (D. Nev. Jan. 7, 2016). Defendant's counsel's declaration submitted under penalty of perjury, however, is an affidavit. *See* Docket No. 61 at 1-2 (Defendant's declaration). Next, counsel contends that no sanctions are warranted due to Defendant's purported failure to show its fees were reasonable. Docket No. 62 at 6-7. The reasonableness of Defendant's fee request will be addressed below. Finally, counsel seeks the Court's lenity in determining Defendant's sanction award by attempting to relitigate the merits of the underlying motion and by chalking up his untenable discovery position to his inexperience in federal court. Docket No. 62 at 2-4. As to the former, the Court remains unpersuaded. As to the latter, inexperience does not excuse counsel's discovery conduct. *Surg-O-Flex of Am., Inc. v. Bergen Brunswig Co.*, 76 F.R.D. 654, 655 (D. Conn. 1977); *see also Darling v. MacPherson, Inc.*, 100 F.3d 961 (9th Cir. 1996) (holding that counsel's inexperience did not preclude sanctions under Federal Rule of Appellate Procedure 38).

## III.   LODESTAR CALCULATION

Having determined that Defendant is entitled to recover its reasonable attorneys' fees incurred in opposing Plaintiff's motion to compel, the Court turns to the fees calculation. Reasonable attorneys' fees are determined by state law where a federal court is sitting in diversity. *Mangold v. Cal. Public Utilities Com'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). In Nevada, "the method upon which a reasonable fee is determined is subject to the discretion of the court," which "is tempered only by reason and fairness." *Shuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530, 548-49 (Nev. 2005) (quoting *University of Nevada v. Tarkanian*, 879 P.2d 1180, 1188, 1186 (Nev. 1994)). One permissible method of calculation is the lodestar approach, which involves multiplying "the number of hours reasonably spent on the case by a reasonable hourly rate." *See Shuette*, 124 P.3d at 549 & n.98 (quoting *Herbst v.*

2

*Humana Health Ins. of Nevada*, 781 P.2d 762, 764 (Nev. 1989)); *see also Sobel v. Hertz Corp.*, 53 F. Supp. 3d 1319, 1325-26 (D. Nev. 2014).   Nevada law also establishes the required showing to substantiate the attorneys' fees sought.  *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 827 (9th Cir. 2009).   Requests for attorneys' fees must be supported by affidavits or other appropriate evidence. *See, e.g.*, *Miller v. Wilfong*, 119 P.3d 727, 730 (Nev. 2005); *see also* N.R.C.P. 54(d)(2)(B). In most cases, the lodestar figure is a presumptively reasonable fee award. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).   The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination . . . regarding the reasonableness of the hours claimed by the [movant]."  *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)).

A. HOURLY RATE

The first lodestar step is to calculate the attorneys' reasonable hourly rates "according to the prevailing market rates in the relevant community[.]"  *Blum v. Stenson*, 465 U.S. 886, 895-96 & n.11 (1984).  "Rate determinations in other cases in the District of Nevada have found hourly rates as much as $450 for partners and $250 for an experienced associate to be the prevailing market rate in this forum."  *Perrigo v. Premium Asset Servs., LLC*, 2015 WL 4597569, *10 (D. Nev. July 28, 2015); *see also CLM Partners LLC v. Fiesta Palms, LLC*, 2013 WL 6388760, *5 (D. Nev. Dec. 5, 2013) (refusing to calculate hourly rates between $650 and $400 for attorneys working "for a law firm with an excellent reputation," and instead calculating lodestar at hourly rate of $450 for partner and $250 for experienced associates). Other Courts in this District have awarded rates as low as $268 for partners. *Home Gambling Network, Inc. v. Piche*, 2015 WL 1734928, *10-11 (D. Nev. Apr. 16, 2015).

The Court finds that the rates requested by Defendant's counsel, Ryan Kerbow and Katherine Munter, are reasonable for this forum and the specific service they provided.  Both Ms. Munter (a partner with more than 15 years' experience) and Mr. Kerbow (an associate with more than 7 years' experience) request a rate that is lower than the rate customarily charged in this District: $225 and $215, respectively.  *See John Hancock Life Ins. Co. v. Jacobs*, 2014 U.S. Dist. Lexis 19283, *8 (D. Nev. Feb. 13, 2014) (calculating lodestar in interpleader case based on hourly rate of $300 for partner and $250

3

for associate). Defense of this slip and fall case is not a matter of extreme complexity that requires rare expertise, but Defendant's submitted hourly rates reflect this fact. Further, Plaintiff does not meaningfully dispute the reasonableness of these rates. *See* Docket No. 62. Accordingly, the Court will calculate the lodestar with Defendant's desired hourly rates.

### B. REASONABLE HOURS

The second lodestar step is to calculate the hours reasonably expended in opposing Plaintiff's motion to compel. *See Shuette*, 124 P.3d at 549 & n.98. "[T]he party seeking an award of fees should submit evidence supporting the hours worked." *CLM Partners LLC*, 2013 WL 6388760, at *6. If the Court finds the hours actually expended excessive, it is within its discretion to trim them. *John Hancock*, 2014 U.S. Dist. Lexis 19283, at *8 & n.2 (reducing as excessive .2 hours claimed for reviewing minute order). However, the Court must provide an explanation for any reduction in the amount of fees. *See, e.g.*, *Argentena Consul. Min. Co. v. Jolley Urga*, 216 P.3d 779, 787 n.2 (Nev. 2009). "If opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008).

In reviewing the hours claimed, the Court may exclude hours related to overstaffing, duplication, and excessiveness, or that are otherwise unnecessary. *See, e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983); *see also Cruz v. Alhambra School Dist.*, 601 F. Supp. 2d 1183, 1191 (C.D. Cal. 2009) ("the Court must eliminate from the lodestar time that was unreasonably, unnecessarily, or inefficiently" spent). The reasonableness of hours expended depends on the specific circumstances of each case. *Camacho*, 523 F.3d at 978. To that end, in determining the reasonableness of hours spent in relation to a discovery motion, the Court considers factors such as the complexity of the issues raised, the need to review the record and pleadings, and the need to conduct legal research, in addition to the length of the briefing. *Herb Reed Enters. v. Monroe Powell's Platters*, 2013 U.S. Dist. Lexis 97559, at *31 (D. Nev. July 11, 2013); *see also Easley v. U.S. Home Corp.*, 2012 WL 3245526, at *3 (D. Nev. Aug. 7, 2012).

Defendant's counsel asserts 47.9 hours of fees were reasonably incurred in opposing Plaintiff's motion to compel. Docket No. 61 at 2; *see also* Docket No. 61-1 (billing statement). Reviewing

4

Defendant's billing records, the Court finds that Defendant's request is excessive.

The Court notes that these 47.9 hours relate only to the filing of a single document on the docket, Defendant's response to Plaintiff's motion to compel. The Court also notes that the issues raised in the motion were not particularly complicated. Instead, they consist of fairly routine discovery issues. *See* Docket No. 59. The substantive portion of the opposition was roughly ten pages long, consisting of citations to standard authorities. *See* Docket No. 42. Extensive legal research was not, therefore, required. Indeed, the Court found Plaintiff's motion unsupported in both law and fact. Docket No. 59 at 8.

Having found Defendant's request excessive, the Court makes specific findings excluding recovery for billing entries that are the result of overstaffing, duplication, and excessiveness, or that are otherwise unnecessary.

On December 15, 2015, evidently without having reviewed Plaintiff's motion to compel, researched the law, or outlined Defendant's opposition, Mr. Kerbow spearheaded the drafting of Walmart's opposition by preparing "additions to Walmart's opposition to [P]laintiff's motion to compel." Docket No. 61-1 at 3. Mr. Kerbow's draft first – outline and research later – 2.5 hour billing entry defies logic, and the Court finds that Defendant has failed to show it is reasonable. On December 15, 2015, Ms. Munter makes an entry of 2 hours for "analysis of [P]laintiff's motion to compel." *Id*. The Court finds that 2 hours spent reading Plaintiff's perfunctory motion is excessive and reduces this entry to 1 hour. Also on December 15, 2015, Ms. Munter makes duplicative entries of 1.8 hours for time spent reviewing and analyzing expert witness documents. *Id*. Since Defendant does not reply to Plaintiff's charge that this is simply a duplicative entry, the Court finds Defendant has failed to show it is reasonable. On December 15 and 17, 2015, Ms. Munter records entries of 3 hours and 1.8 hours, respectively, indicating that she spent a total of 4.8 hours outlining Defendant's opposition. Docket No. 61-1 at 3-4. The Court finds nearly 5 hours outlining Defendant's thirteen page brief is excessive and, therefore, reduces these entries to a total of 1.5 hours. Ms. Munter's last entry on December 15, 2015, is for 3 hours outlining a response to Plaintiff's arguments regarding the parties' meet and confer efforts. 3 hours is excessive as Defendant's response did not even contain a history of the parties' meet and efforts. *See* Docket No. 42 (raising no failure to meet and confer argument and mentioning only meet

and confer in cursory fashion).  Therefore, the Court finds Defendant has established only that 0.5 hours of this entry is reasonable.

On December 16, 2015, Mr. Kerbow made an entry claiming to have spent 1.7 hours assisting in the preparation of Defendant's response.  Docket No. 61-1 at 3.  The entry, however, provides no indication as to how Mr. Kerbow actually assisted Ms. Munter.  Accordingly, the Court finds that Defendant has failed to show this entry is reasonable and denies it.  On December 16 and 18, 2015, Ms. Munter recorded entries indicating that she spent a total of 8 hours researching issues raised in Plaintiff's motion to compel.  *Id*. at 3-4.  In the words of Defendant's response, "the parties agree[d] on the applicable law" and Plaintiff's motion concerned "a straightforward rule as demonstrated by virtually all of the case law referenced in Plaintiff's motion."  Docket No. 42 at 4-5.  The Court finds 8 hours researching this topic is unreasonable and denies Defendant's request for attorneys' fees for this research.

On December 17, 2016, Ms. Munter made an entry of 1.5 hours for drafting the introduction and background sections of Defendant's response.  Docket No. 61-1 at 4; *see also* Docket No. 42 at 1-2 (containing no section labeled introduction).  The first two sections of Defendant's response are essentially a summary of Defendant's filing and its factual context.  *See id*.  In light of this, the Court finds that Defendant's entry of 1.5 hours for this one-page summary is unreasonable and reduces it to .75 hours.

On December 18, 2016, Ms. Munter recorded an entry reflecting 1.5 hours spent reviewing the records analyzed by Defendant's expert as well as Defendant's expert disclosure.  Docket No. 61-1 at 4.  As Defendant's response makes clear, the expert report itself identifies Plaintiff's medical records as the documents "reviewed in preparation thereof."  Docket No. 42 at 8.  The Court finds Ms. Munter's 1.5 hour review of Plaintiff's medical records is unreasonable and reduces this entry to 1 hour.

On December 20, 2016, Ms. Munter recorded an entry of 5 hours reflecting time spent preparing and drafting a response to Plaintiff's request for sanctions.  Docket No. 61-1 at 4.  These sections consist of Defendant's argument that its conduct was substantially justified and that an extension of discovery was not warranted in order to allow Plaintiff to depose Defendant's expert.  Docket No. 42 at 9-10.  These issues are straightforward and, therefore, did not require 5 hours of drafting time.  The former is

a mainstay in most discovery motions; the latter is a staple for responses to motions for an extension. Accordingly, the Court reduces this entry to .5 hours. After having reviewed the facts, researched the law, and outlined Defendant's response, Ms. Munter records that she spent 8.5 hours drafting two pages of argument specifically addressing each disputed request. Docket No. 61-1 at 4 (marked DNB). This entry apparently does not include time spent finalizing Defendant's arguments. *Id*. at 6. This request relates to the first draft of one and one-half pages of text. *See* Docket No. 42 at 7-8 (containing relevant portion of Defendant's opposition). The Court finds this request excessive and reduces it to 1.5 hours.

On December 21, 2016, Ms. Munter recorded two entries for 1.4 hours spent preparing and drafting Defendant's response to Plaintiff's argument that Defendant's expert inadequately identified the documents that he relied on. Docket No. 61-1 at 4-5. Defendant has failed to rebut Plaintiff's argument that this entry is duplicative. The Court finds that the latter entry is duplicative and, therefore, is unreasonable. Also on December 21, 2016, Ms. Munter made an entry of 3 hours for time spent analyzing the factual and legal arguments in Plaintiff's motion. *Id*. at 5. At this point, Defendant's counsel submits that it had already spent 43.1 hours responding to that motion. Therefore, the Court finds that this last review of Plaintiff's motion is unreasonable and necessarily subsumed in the prior 43.1 hours Ms. Munter spent on Defendant's response.

On December 28, 2016, Mr. Kerbow made an entry for 1.8 hours reflecting time spent preparing and finalizing Defendant's response. *Id*. The Court finds that this time spent 'preparing' Defendant's response is unreasonable, and reduces this entry to 1 hour.

### C. FINAL CALCULATIONS

In light of the above, the Court finds that Defendant's counsel reasonably expended 10.35 hours responding to Plaintiff's motion to compel, comprised of 1 hour for Mr. Kerbow at $215 per hour and 9.35 hours for Ms. Munter at $225 per hour. This totals a lodestar amount of $2,318.75. The Court may adjust the lodestar based on a number of additional factors not subsumed in the initial calculation. *See Van Guerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). However, the Court should adjust the lodestar amount only in "rare and exceptional cases." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 n.4 (9th Cir. 2000) (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)). The Court finds that circumstances do not exist to warrant

7

adjusting the lodestar in this case.

**III.    CONCLUSION**

     For the reasons already discussed, the Court hereby awards Defendant $2,318.75 in reasonable attorneys' fees.  Defendant did not submit a request for reasonable costs.  This sanction is to be paid personally by Plaintiff's counsel and shall not be passed on in any way to his client.  Payment shall be made to Defendant's counsel in this amount no later than May 2, 2016.  Plaintiff's counsel is ordered to file a proof of payment on the docket by that date.

     IT IS SO ORDERED.

     DATED: April 5, 2016

                               _____
                               NANCY J. KOPPE
                               United States Magistrate Judge