**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARY IZZO,

    Plaintiff,

vs.

WAL-MART STORES, INC., et al.,

    Defendants.

Case No. 2:15-cv-001142-JAD-NJK

ORDER GRANTING MOTION TO FILE DOCUMENTS UNDER SEAL

(Docket No. 51)

    Pending before the Court is Plaintiff's motion to file documents under seal. Docket No. 51. Plaintiff seeks to file Exhibits 1, 2, 4, and 10 to her motion for partial summary judgment under seal because they were designated confidential by Defendant, pursuant to the protective order governing discovery in the instant case. *Id*. at 2. Plaintiff has attached a Declaration of defense counsel, in support of her motion to seal these documents. Docket No. 51-1.

**I.    STANDARD**

    The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180.[1] Those compelling reasons must outweigh the

---

[1] *Kamakana* and *Foltz* involve non-parties' attempts to obtain sealed court documents. The same analysis and standards apply to a party's motion to seal. *See Pintos*, 605 F.3d at 679 n.5; *see also*

competing interests of the public in having access to the judicial records and understanding the judicial process. *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process). The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179.

## II. ANALYSIS

Walmart's counsel submits that the documents at issue in Exhibits 1, 2, 4, and 10 "contain certain of Walmart's policies and operating procedures and standard forms that constitute Walmart's proprietary, sensitive company data which is not appropriate for the public record." Docket No. 51-1 at 2. Additionally, counsel submits that dissemination of these documents "to the public, other litigants or Walmart's competitors" would be "unduly prejudicial" to Walmart. *Id*. Having reviewed these documents, the Court agrees.

Therefore, the Court finds that compelling reasons exist to seal Exhibits 1, 2, 4, and 10 to Plaintiff's Motion for Partial Summary Judgment that overcome the presumption of public access, and that the exhibits cannot be easily redacted while leaving meaningful information available to the public. Accordingly, Plaintiff's Motion to Seal (Docket No. 51) is hereby **GRANTED**. The filing at Docket No. 51 shall remain under seal.

IT IS SO ORDERED.

DATED: April 12, 2016.

                                                                        _____
                                                                        NANCY J. KOPPE
                                                                        United States Magistrate Judge

---

*Kamakana*, 447 F.3d at 1182 n.9 (for the case before it, noting that "[t]he effective bottom line is that the district court was determining whether documents should be sealed").